# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EXPRESS SERVICES, INC.,

    Plaintiff,

v.                                        Case No. 06-CV-14954-DT

CROSS & CROSS, INC., J.W. CROSS &
ASSOCIATES, INC., MICHAEL J. CROSS and
SANDRA CROSS,

    Defendants.
                                              /

## ORDER DENYING MOTION TO QUASH SUBPOENA

Pinnacle Resource Group, Inc., which is not party to this action, filed a motion to quash on April 5, 2007. Pinnacle claims that Plaintiff is "seeking nearly every business record of Pinnacle." (Mot. to Quash at ¶ 5.) Pinnacle contends that its accountants have already provided Plaintiff with sufficient documents and that Pinnacle has no protective order in place for its security. (*Id.* at ¶¶ 11, 16-17.) Pinnacle requests that the court quash the subpoena, "order the return of all financial documents improperly provided to Plaintiff" and issue a protective order prohibiting disclosure of any information produced to Plaintiff. (*Id.* at ¶¶ 24-25.) Pinnacle also contends that, as a competitor of Plaintiff, denial of its motion would be particularly harmful. (Pinnacle's Br. at 2.)

Plaintiff disputes that it is a competitor of Pinnacle and claims instead that Pinnacle is a client who has done business with Plaintiff. (Pl.'s Resp. at ¶ 9.) Plaintiff further claims that the documents it seeks are "routinely obtained from non-parties in litigation of this nature and magnitude." (*Id.* at ¶ 13.) Finally, Plaintiff offers to have

Pinnacle fall under an existing protective order or under an identical protective order applicable only to Pinnacle's documents, and, further, that Plaintiff will compensate Pinnacle for all reasonable expenses. (*Id.* at ¶ 14.)

Under Federal Rule of Civil Procedure 45, a district court may protect persons subject to subpoenas. Pinnacle's motion implicates two potential grounds for relief: that the subpoena (1) requires disclosure of privileged or other protected matter and no exception or waiver applies or (2) subjects Pinnacle to undue burden. Fed. R. Civ. P. 45(c)(3)(iii-iv). The court is not persuaded that either ground is present in this case. Because Plaintiff is willing to provide for a separate protective order and to compensate Pinnacle for its reasonable costs, all privileged information will be adequately protected and Pinnacle will suffer no undue burden. Accordingly,

IT IS ORDERED that Pinnacle's "Motion to Quash . . . " [Dkt # 26] is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall prepare a stipulated protective order that applies to Pinnacle and that in substance is identical to the one filed on March 9, 2007 [Dkt # 24]. Plaintiff shall also compensate Pinnacle for all reasonable costs incurred in complying with the subpoena.

  s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: May 1, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 1, 2007, by electronic and/or ordinary mail.

  s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522