**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EXPRESS SERVICES, INC.,

    Plaintiff,

v.                                        Case No. 06-CV-14954-DT

CROSS & CROSS, INC., J.W. CROSS &
ASSOCIATES, INC., MICHAEL J. CROSS and
SANDRA CROSS,

    Defendants.
                                            /

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S "MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL" AND GRANTING IN PART AND DENYING IN PART NON-PARTY PINNACLE'S RENEWED MOTION TO QUASH**

Pending before the court is Plaintiff Express Services, Inc.'s "Motion for Protective Order and Motion to Compel," which was filed on May 15, 2007. On the same day, Pinnacle Resource Group, Inc., which is not party to this action, filed a renewed motion to quash or limit subpoena.[1] The core of this discovery dispute concerns documents that would reveal billing rates and allegedly proprietary business methodology that Pinnacle uses. The court held a hearing on the motions on June 6, 2007. For the reasons stated on the record,

IT IS ORDERED that Plaintiff's "Motion for Protective Order and Motion to Compel" [Dkt # 30] is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Pinnacle's Renewed Motion to Quash [Dkt #31] is GRANTED IN PART AND DENIED IN PART.

---

[1]Although Pinnacle styles its motion as a motion for relief from judgment, it is in substance a motion for reconsideration and appears on this court's docket as a "Renewed Motion to Quash." [Dkt # 31.]

IT IS FURTHER ORDERED that Plaintiff and Pinnacle shall agree to and submit a proposed protective order no later than **Friday, June 8, 2007**. The protective order shall contain, as discussed, a provision for attorney eyes only, including Defendants' counsel, and independent forensic accountants. **Within seven days** of agreeing to a protective order, Plaintiff shall, with the active cooperation of Pinnacle, identify a reasonably representative sampling of ten Express employees who Pinnacle placed at various workplaces prior to the filing of the instant suit. **Within seven days** of identifying such a sampling, Pinnacle shall produce all relevant documentation, **for a period of approximately one year prior to the filing of this suit**, connected to the placement, accounting and billing of these Express employees. Concerning these employees, any document that might be relevant to Plaintiff's theory of under-reporting of income or skimming off of revenue must be produced.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 6, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 6, 2007, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522